UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEO H. VERGOTE,

    Plaintiff,

v.                                                        Case No. 07-14218
                                                         Hon. Sean F. Cox

DAVID R. DAWSON and
BOYER & DAWSON, P.C.,

    Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for summary judgment and Defendants' Motion for dismissal pursuant to 28 U.S.C. § 1332 and for summary judgment. Both parties have briefed the issues, and a hearing was held May 1, 2008. For the following reasons, the Court **GRANTS** Defendants' Motion to dismiss for lack of subject matter jurisdiction.

## I.   BACKGROUND

This action arises out of a dispute over attorney fees. Plaintiff, Leo Vergote, retained Defendant David Dawson, through his law firm Defendant Boyer & Dawson, P.C., to represent him in his divorce on May 15, 2002. Plaintiff signed a retainer indicating the hourly rate charged for Defendant Dawson. The retainer also indicated several factors that would be included in reaching the "total fee determination." Further, the retainer provided that Defendants were entitled to a lien on the proceeds of the action in the amount of unpaid fees and costs. The

1

representation contemplated by the retainer was limited to a "domestic relations action."

During Defendants representation of Plaintiff in his divorce, Defendants also represented Plaintiff in "ancillary legal matters." However, the parties did not enter into a written fee agreement for any of the ancillary legal matters.

In approximately January 2004, Defendants billed Plaintiff for roughly $1 million for representation of Plaintiff in his divorce and the other ancillary legal matters. Plaintiff refused to pay the amount. He paid Defendants $80,534.57 for their representation. In May 2005, Defendants placed an attorney's lien on property owned by Plaintiff in Chesterfield Township, Michigan. The lien was for $1,278,976.14, allegedly in unpaid fees and costs.

In April 2006, Plaintiff sought to sell the property encumbered by the lien. Defendants agreed to release the lien for $450,000. Plaintiff claims he did not agree that he owed that amount in unpaid fees, he claims he only agreed to pay that amount to secure a release of the lien. In any case, the lien was released and the sale went through as planned on April 6, 2006.

On October 3, 2007, Plaintiff filed a Complaint alleging: (1) breach of contract based on the retainer; (2) unjust enrichment; and (3) tortious interference with contractual relationships. On February 14, 2008, Plaintiff filed a Motion for summary judgment as to his unjust enrichment and tortious interference claims only. Defendants responded to Plaintiff's Motion and also filed their own Motion for dismissal for lack of subject matter jurisdiction and for summary judgment on all claims.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. ANALYSIS

**Subject Matter Jurisdiction**

Defendants contend the Court cannot exercise subject matter jurisdiction based on diversity because Plaintiff is a citizen of Michigan. Plaintiff alleges that he is a citizen of Missouri. However, Plaintiff admits that he still holds a Michigan driver's license and spends some of his time in Michigan.

28 U.S.C. § 1332 provides that this court has original jurisdiction over civil actions where the dispute is between citizens of different states and the amount in controversy exceeds $75,000. The court has jurisdiction if diversity of citizenship existed at the time the complaint was filed. *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In this case, the issue is whether Plaintiff was a citizen of Missouri when he filed the Complaint in this action. "State citizenship for the purpose of the diversity requirement is equated with domicile." *Von Duser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "A person's previous domicile is not lost

until a new one is acquired." *Id.* "Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.* The burden of proving domicile rests with the party invoking the court's jurisdiction. *Persinger v. Extendicare Health Services, Inc.*, 539 F.Supp.2d 995, 996 (S.D.Ohio 2008)(quoting *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968)).

The Complaint in this action was filed on October 3, 2007. Plaintiff claims he bought a residence in Missouri in June 2004, and has resided there for the past two years. [Response, Exhibit L]. Plaintiff also owns two other residences in Missouri. Plaintiff owns and/or operates businesses in both Michigan and Missouri. Plaintiff does not have a driver's license in Missouri, but does have a Missouri state identification card. Plaintiff maintains a driver's license in Michigan. Further, Plaintiff's car that he drives in Missouri is titled in Michigan. [Response, Exhibit N, p.54]. According to Plaintiff's answers to interrogatories, Plaintiff has spent 90% of his time the last two years in Missouri. The remaining 10% was spent in Michigan.

Based on Plaintiff's submission it is clear that he has a residence in Missouri. However, Plaintiff does not address whether in October 2007 he intended to remain in Missouri, thereby changing his domicile. Defendants point out that although Plaintiff claims he has resided in Missouri for the past two years, on May 12, 2006, Plaintiff admitted in a pleading before the Macomb County Circuit Court, that he was a Michigan resident. [Response, Exhibit P]. At the hearing in this case, the Court informed Plaintiff that if he intended to remain in Missouri at the time he filed this action, he should submit an affidavit to that effect. Plaintiff has failed to do so.

The plaintiff has the burden of proving citizenship, and the court may decide the question on affidavits, or if required, a full evidentiary hearing. *Stifel v. Hopkins*, 477 F.2d 1116, 1126

(6th Cir. 1973). In this case, while Plaintiff has demonstrated that he resides in Missouri, he has not demonstrated that he intended to remain in Missouri at the time he filed this action. Thus, Plaintiff has not established that his domicile has changed from Michigan to Missouri. Plaintiff has not submitted an affidavit for the Court's consideration, and the evidence before the Court shows that Plaintiff maintains a driver's license and title to his primary vehicle in Michigan. Further, approximately a year and half before filing this action, during the time which Plaintiff now claims he was a Missouri resident, Plaintiff admitted he was a Michigan resident in another court proceeding. Accordingly, this Court finds Plaintiff has not met his burden to establish diversity of citizenship and this Court cannot exercise subject matter jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: July 22, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2008, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**