UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Leo H. Vergote,

    Plaintiff,

v.                                                                  Honorable Sean F. Cox

David R. Dawson *et al.,*                                Case No. 07-14218

    Defendants.
_____/

### OPINION & ORDER
### DENYING DEFENDANTS' MOTION TO VACATE ARBITRATION AWARD AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

This action is a dispute over attorney fees. After the close of discovery, the parties filed cross-motions for summary judgment. In an Opinion & Order issued on January 13, 2009, this Court: 1) denied Plaintiff's motion seeking summary judgment in his favor; 2) granted in part, and denied in part, Defendants' Motion for Summary Judgment. Thus, Plaintiff's breach of contract claim and unjust enrichment claim were set to proceed to trial.

Before the case was tried, however, the parties entered into a written agreement to arbitrate the remaining claims in this action. On September 21, 2009, the arbitrator issued an award in favor of Plaintiff. Thereafter, on November 5, 2009, Defendants filed a motion in this Court seeking to vacate the arbitration award. Plaintiff opposed that motion, and filed his own motion asking the Court to confirm the arbitration award. The parties have briefed the issues and oral argument was heard on January 21, 2010.

For the reasons set forth below, the Court shall DENY Defendants' motion seeking to vacate the Award. The Court shall GRANT IN PART AND DENY IN PART Plaintiff's Motion for Entry of Judgment. The Court shall DENY Plaintiff's motion to the extent that the Court declines to enter judgment in the amount of the full arbitration award. The Court shall GRANT Plaintiff's motion to the extent that it shall CONFIRM the arbitration award in favor of Plaintiff in the amount of $175,000.00, award Plaintiff attorney fees and costs of $2,950.00, and issue an appropriate judgment.

## BACKGROUND

This action is a dispute over attorney fees. It is undisputed that in May 2002, Plaintiff Leo Vergote ("Plaintiff" or "Vergote") retained Defendants David R. Dawson ("Dawson") and Boyer & Dawson, P.C. ("Boyer & Dawson")(collectively, "Defendants") to represent him in his divorce action in Macomb County Circuit Court (Case No. 02-2660-DO)("the Divorce Action."). On May 15, 2002, Plaintiff and Dawson, on behalf of Boyer & Dawson, executed a written contract titled, "RETAINER AGREEMENT - DOMESTIC RELATIONS"("the Retainer Agreement")(Ex. A to Def.'s Motion). The Retainer Agreement provides, in pertinent part, as follows:

> The undersigned client does hereby retain the law firm of BOYER & DAWSON P.C. to represent him/her in a domestic relations action.
> It is agreed and understood that the attorney fees shall be charged at the rate of:
> **$275.00** per hour **David R. Dawson; or**
> **$90.00** per hour for any Legal Assistant fees,
> plus reimbursement by the client for actual costs expended on the client's behalf. It is further agreed that a charge of $25.00 per month for overhead expenses, including photocopying, FAX, telephone, mileage and postage on behalf of the client shall be assessed to the client's balance on account.
> The total fee determination will include the following:
> (1) The time and labor required, the novelty and difficulty of the questions

>     involved, and the skill requisite to perform the legal service properly.
>        (2) The likelihood, if apparent to client, that the acceptance of the
>     particular employment will preclude other employment by the lawyer.
>        (3) The fee customarily charged in the locality for similar legal services.
>        (4) The amount involved and the results obtained.
>        (5) The time limitations imposed by the client or by the circumstances.
>        (6) The nature and length of the professional relationship with the client.
>        (7) The experience, reputation and ability of the lawyer or lawyers
>     performing the services.
>        It is further agreed and understood that periodic billings may be submitted
>     to the client, which are payable upon receipt.
>     . . . .
>        This Agreement may not be modified except in writing signed by an
>     officer of the firm and by the client.
>        The parties agreed that this agreement was entered into in the State of
>     Michigan and this agreement shall be construed and interpreted pursuant to the
>     Michigan laws. . .

(*Id.*)(emphasis in original).

On October 3, 2007, Vergote filed this action against Dawson and Boyer & Dawson, P.C. Plaintiff's complaint asserted the following claims against Defendants: "Breach of Contact" (Count I); "Unjust Enrichment" (Count II); and "Tortious Interference with Contractual Relationships" (Count III).

After the close of discovery, the parties filed cross-motions for summary judgment. In an Opinion & Order issued on January 13, 2009, this Court: 1) denied Plaintiff's motion seeking summary judgment in his favor; 2) granted in part, and denied in part, Defendants' Motion for Summary Judgment. (Docket Entry No. 53). The Court granted Defendants' motion with respect to Count III of Plaintiff's complaint (Tortious Interference), but denied the motion in all other respects. Thus, Plaintiff's breach of contract claim (Count I) and unjust enrichment claim (Count II) were to proceed to trial.

The Final Pretrial Conference in this matter was scheduled to take place on May 22,

2009. Prior to the conference, however, the parties advised the Court that they had reached an agreement to arbitrate Plaintiff's remaining claims. The parties submitted a Stipulated Order of Dismissal, which was entered by the Court on May 21, 2009, that states:

> Based upon stipulation of the parties, as evidenced by the signatures of their attorneys below:
> IT IS HEREBY ORDERED that this matter is dismissed with prejudice. *This Court retains jurisdiction to enforce any arbitration award rendered in the arbitration between Plaintiff and Defendants.*

(Docket Entry No. 56) (emphasis added).

The parties also signed a written agreement wherein they agreed to submit the remaining claims in this action to binding arbitration ("the Arbitration Agreement"). (Ex. A to Pl.'s Motion for Judgment). The parties agreed to have Patrick M. Barrett as the sole arbitrator. (*Id*. at ¶ 2). The parties agreed to the following "high/low" provision:

> 3. Maximum/Minimum Awards
>
> The parties further agree to set limits on the amount of the arbitration award in the form of a minimum award and maximum award. Neither the existence nor the amounts of the minimum and maximum award agreement shall be disclosed to the arbitrators. In the event of an arbitration award below $50,000, Vergote shall received payment of $50,000 inclusive of interest. In the event the award is in excess of $175,000, or with interest added would exceed $175,000, the[n] Vergote shall receive only $175,000.

(*Id*. at ¶ 3). The parties agreed to the following provision regarding enforcement:

> 6. Enforcement of Arbitration Award
>
> The decision of the arbitrator will represent a full and final award as to the damages including costs and attorney fees. The parties agree that the award rendered by the arbitrator may not be appealed or subject to vacation except for limited reasons set forth in MCR 3.602(J) or MCLA 600.5001.

(*Id.* at ¶ 6). The parties agreed that "[p]ayment or satisfaction of the arbitration award *shall* be made within 45 days of the date of the award." (*Id*. at ¶ 8) (emphasis added). The Arbitration

4

Agreement also contains the following provision:

> 10.   Default and Specific Performance/Injunctive Relief
>
> Failure to perform or satisfy any provision of this Agreement shall constitute a default. In the event of a default, the parties acknowledge that the non-breaching party shall be entitled to all remedies available at law or in equity, including injunctive relief with specific performance, and shall be entitled to recover all costs of enforcing this Agreement, including attorneys' fees.

(*Id.* at ¶ 10).

On September 21, 2009, the "Opinion of the Arbitrator" was issued ("the Opinion"), awarding Vergote $228,484.36. (Ex. A to Pl.'s Motion for Judgment). The Opinion states that the parties had "submitted substantial briefs and evidence," that "testimony was heard on August 19th and 20th," and that "[p]ost-testimony briefs were filed by both sides." (*Id.* at 1).

Vergote agrees that, pursuant to high/low provision the Arbitration Agreement, he was entitled to receive $175,000.00 within 45 days of the September 21, 2009 award (i.e., no later than November 5, 2009). Defendants did not pay the award by that date.

Instead, on November 5, 2009, Defendants filed their "Motion to Vacate Arbitration Award." In this motion, Defendants ask this Court to vacate the arbitration award, under M.C.R. 3.602(J)(2)(d), asserting that "the arbitrator refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights." Defendants' motion, however, does not identify any evidence that the Arbitrator refused to hear or admit.

Vergote filed a Response Brief in opposition to that motion on November 12, 2009, asserting that there is no basis to vacate the arbitration award. (Docket Entry No. 58). In that motion, Vergote states that rather than identifying any evidence the Arbitrator refused to hear, Defendants simply dispute the result reached by the Arbitrator.

5

On November 16, 2009, Vergote also filed "Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment" (Docket Entry No. 59), wherein he requests that the Court: 1) enter judgment in favor of Vergote in the amount of the actual arbitration award of $228,484.36 (rather than the agreed upon upper limit of $175,000.00); or 2) alternatively, enter judgment in his favor in the amount of $175,000.00 and also award him his costs and attorney fees incurred in having to enforce the award in this Court.

## ANALYSIS

A.  The Court Shall Deny Defendants' Motion To Vacate Arbitration Award And Confirm The Award.

When courts are called on to review an arbitrator's decision, "the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am., AFL-CIO*, Dist. 27, Sub-Dist. 5, 913 F.2d 1166, 1169 (6th Cir. 1990). Moreover, in the Arbitration Agreement in this case, the parties agreed that the arbitration award could only be challenged on those narrow grounds set forth in M.C.R. 3.602(J).

The only ground for vacation of the arbitration award offered by Defendants is M.C.R. 3.602(J)(2)(d), which provides:

> (d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

M.C.R. 3.602(J)(2)(d). Defendants do not contend that the Arbitrator refused to postpone the hearing. Rather, their challenge is based on the portion of M.C.R. 3.602(J)(2)(d) regarding refusal to hear evidence material to the controversy. That provision, however, is applicable to an arbitrator's refusal "to hear evidence material to the controversy, **rather than a refusal to give weight in deliberations**" to evidence that was admitted. *Belen v. Allstate Insur. Co.*, 173

6

Mich.App. 641, 645-46 (1989) (emphasis added); *see also Lockwood Building Co., Inc. v. Dempsey*, 2003 WL 23104212 at * 7 (Mich. App. 2003).

The Arbitrator's decision indicates that the parties "submitted substantial briefs and evidence," that testimony was heard on August 19th and 20th, and that post-testimony briefs were filed by both sides.[1]  Defendants have not identified any witnesses that they were prevented from presenting, nor have they identified any other evidence that the Arbitrator refused to admit. Thus, by all accounts,[2] it appears that Defendants were given a full and fair opportunity to present their position as to the legal and factual issues before the Arbitrator and were given a full and fair opportunity to prevent their evidence.

Defendants' challenge is more appropriately characterized as an argument that the Arbitrator failed to give sufficient weight to the evidence presented, and/or erred in rejecting Defendants' legal arguments, neither of which is within the narrow scope of M.C.R. 3.602(J)(2)(d).  *Belen, supra; Lockwood, supra; see also Industrial Power Prods. v. Livermore*, 2005 WL 3190713 (2005) (Although MCR 3.602(J)(2)(d) permits the vacation of a binding arbitration award where the arbitrator "refused to hear evidence material to the controversy," Plaintiff identifies no such evidence, "but rather recounts the testimony and evidence offered before the arbitrator, which it asserts 'the [a]rbitrator's opinion completely and entirely ignores.' Such assertion is, in essence, a claim that the award was against the great weight of the evidence, which this Court may not review.").

---

[1]The Arbitrator also invited the parties to file motions for reconsideration if his calculations regarding the amount of fees were in dispute.  (*See* final paragraph of Arbitration Award).

[2]Defendants did not provide this Court with a transcript of the arbitration hearing.

7

Accordingly, the Court shall DENY Defendants' Motion to Vacate Arbitration Award. M.C.R. 3.602(J)(2)(d) provides that if a "motion to vacate is denied and there is no motion to modify or correct the award pending, the court shall confirm the award." Thus, the Court shall CONFIRM the award.

B.   The Court Shall Deny Plaintiff's Request To Confirm The Award For The Entire Amount Of The Actual Arbitration Award.

In "Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment," Plaintiff asks this Court to enter an order confirming the actual arbitration award of $228,484.36.

In support of that request, Plaintiff asserts that the Federal Arbitration Act allows a court to modify an award "so as to effect the intent thereof and to promote justice between the parties." 9 U.S.C. § 11. Plaintiff asserts that "[a]lthough the arbitration award was $228,484.36, pursuant to the low/high provision, Defendants were to pay $175,000 on or before November 6, 2009. Because Defendants' failed to do this – failing to effectuate the intent of the parties as express in the Arbitration Agreement – this Court should enter a judgment in the full amount of the arbitration award." (Pl.'s Br. at 3).

In responding to Plaintiff's motion, Defendants do not address the authority relied on by Plaintiff. Rather, Defendants simply rely on the high/low provision and assert that Plaintiff should only receive $175,000. (Defs.' Resp. at 1-2).

Having considered the parties' respective positions, the Court shall deny Plaintiff's request for an award in the full amount. Plaintiff's reliance on 9 U.S.C. § 11 appears to be misplaced. That section states:

> *In either of the following cases* the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –

8

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

(9 U.S.C. § 11) (emphasis added). As the Court reads the statute, the Court may only modify the award in these three delineated circumstances, none of which exist here. Thus, the Court shall deny Plaintiff's request.

C.      The Court Shall Grant Plaintiff's Request For Attorney Fees.

> Plaintiff alternatively asks the Court to award him attorney fees under the Arbitration Agreement. In support of this alternative argument, Plaintiff states:
>
> > Alternatively, if this Court decides to enter a judgment consistent with the low/high provision, this Court should also award attorney fees to Plaintiff under the Arbitration Agreement. Specifically, ¶ 10 of the Arbitration Agreement states as follows:
> >
> > > Failure to perform or satisfy any provision of this Agreement shall constitute a default. In the event of a default, the parties acknowledge that the non-breaching party shall be entitled to all remedies available at law or in equity, including injunctive relief with specific performance, and shall be entitled to recover all costs of enforcing this Agreement, including attorneys's fees.
> >
> > Accordingly, this Court should also award attorney fees to Plaintiff for having to enforce the arbitration award.

(Pl.'s Br. at 4).

In response to Plaintiff's motion, Defendants simply assert, without further explanation,

9

that "Defendants are not in breach of the agreement." (Def.'s Resp. at 2).

Having considered the parties' respective positions, the Court concludes that Defendants breached the Arbitration Agreement by not paying Plaintiff $175,000.00 within 45 days of the arbitration award.

While the Arbitration Agreement provides that either party can challenge the arbitration award (*see* Arbitration Agreement at ¶ 6), it also expressly provides that "Payment or satisfaction of the arbitration award *shall* be made within 45 days of the date of the award." (Arbitration Agreement ¶ 8) (emphasis added). When read together, these two provisions provide that, while a party may bring a motion to vacate the arbitration award, it must do so promptly in order to obtain a ruling within 45 days of the award because payment of any award must be within 45 days of the award.

The parties could have drafted the agreement to state that the award had to be paid within 45 days *unless* challenged in a motion to vacate the award. They did not do so and thus provided no exception to the provision that the award must be paid within 45 days. The Court finds this reading of the provisions particularly reasonable here given the circumstances of this case. This case was already pending when the parties drafted the Arbitration Agreement and this Court retained jurisdiction for purposes of enforcement of the arbitration award. Thus, in order to challenge the award, Defendants did not have to file a new action. As a practical matter, there is no reason why Defendants could not have challenged the arbitration award in this Court, asked for an expedited hearing, and received a ruling from this Court within 45 days of the award.

Accordingly, the Court finds that Defendants breached the Arbitration Agreement by not paying Plaintiff $175,000.00 within 45 days of the arbitration award, thereby entitling Plaintiff to

the attorney fees and costs he incurred in opposing Plaintiff's Motion to Vacate and in bringing his own motion to confirm the award and obtain a judgment.

Counsel for Plaintiff's hourly rate is $310.00 per hour and Defendants do not dispute the reasonableness of that rate. Plaintiff's Counsel submitted a Supplemental Brief, along with an Affidavit, reflecting that he spent 9.5 hours in connection with the relative motions and incurred $5.00 in costs for parking. The Court concludes the time spent was reasonable for the work involved and shall award the full amount of $2,950.00 requested by Vergote.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Vacate Arbitration Award is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Judgment is GRANTED IN PART AND DENIED IN PART. The Motion is DENIED to the extent that the Court declines to enter judgment in the full amount of the actual arbitration award. The Court shall GRANT Plaintiff's motion to the extent that it shall CONFIRM the arbitration award in favor of Plaintiff in the amount of $175,000.00, and award Plaintiff attorney fees and costs of $2,950.00.

IT IS FURTHER ORDERED that Vergote shall submit a proposed final Judgment to the Court within fourteen (14) days of this Opinion & Order.


IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: January 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2010, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager